55

Argued and submitted June 8, reversed on petitions; reversed and remanded on cross-petition July 8, 1992

J. Robert BREIVOGEL,
Patricia Kliewer, Susanna L. Stephenson,
Michael Stephenson, Jerry L. Ross,
Teresa Ross, M. Lianne McNeil,
Patricia McIntyre and Clark King,
*Respondents - Cross-Petitioners,*

*v.*

WASHINGTON COUNTY,
*Petitioner - Cross-Respondent,*

*and*

KITE/CUPP LEGEND GOLF
DEVELOPMENT COMPANY,
*Petitioner - Cross-Respondent.*

(91-146; CA A74505)

834 P2d 473

David C. Noren, Assistant County Counsel, Hillsboro, argued the cause and filed the briefs for petitioner - cross-respondent Washington County.

Gregory S. Hathaway, Portland, argued the cause for petitioner - cross-respondent Kite/Cupp Legend Golf Development Company. With him on the briefs were Virginia L. Gustafson and Garvey, Schubert & Barer, Portland.

Maria Hall, Portland, argued the cause and filed the brief for respondents - cross-petitioners.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

On June 7, 1991, a Washington County hearings officer approved petitioner Kite/Cupp Legend Golf Development Company's (petitioner) application to install a golf course on a 345-acre parcel in an exclusive farm and forestry zone. Respondents[1] filed an appeal from that decision to the governing body, and petitioner filed a motion for reconsideration by the hearings officer. The hearings officer allowed reconsideration and modified the previous decision in one insubstantial particular. On August 29, respondents again appealed to the governing body from the decision on reconsideration. Unlike the first appeal petition, the second was not signed by any of respondents. The document was nevertheless accepted for filing. However, on September 13, after the time for appealing the second decision had elapsed, the county planning director notified respondents that the appeal was "deficient" and was "negated," because the absence of a signature was contrary to the "jurisdictional" requirement in section 209-3.7 of the county's development code:

> "Failure to file a signed original petition * * * by 5:00 p.m. on the due date, with the proper fee, shall be a jurisdictional defect. Failure to amend a petition to correct any other identified deficiency within seven (7) calendar days of notice thereof shall be a jurisdictional defect."[2]

Respondents appealed to LUBA, which reached only one of respondents' three assignments and reversed the county's decision. The county and petitioner seek review of, and respondents cross-petition from, LUBA's decision. We reverse on the petitions and the cross-petitions.

■ The county first argues that LUBA lacked jurisdiction over the appeal, because the director's invocation of section 209-3.7 was not a decision that required an "exercise of factual, policy or legal judgment," ORS 197.015(10)(b)(A) (*since amended by* Or Laws 1991, ch 817, § 1), and was therefore not a reviewable land use decision. LUBA rejected

---

[1] We follow our usual practice in reviewing LUBA decisions of referring to the parties by their designations in this court.

[2] The term "jurisdictional" in the ordinance may not be precisely correct. Be that as it may, we understand the provision to impose certain procedural requirements that are mandatory prerequisites to an appeal to the governing body. *See* ORS 215.422.

that argument according to its terms. In our view, however, the county's terms miscast the jurisdictional question. The county posits that the relevant decision was the director's act of applying the signature requirement in section 209-3.7 and concluding that the petition did not satisfy it. We disagree. The effect of the director's decision was to dismiss an appeal to the governing body from the hearings officer's approval of an application for a golf course. The appeal to LUBA, in turn, was in substance from the county's final order pertaining to the approval of the golf course, which indisputably was a land use decision.

Although we do not disagree with LUBA's rejection of the county's ORS 197.015(10)(b)(A) argument, especially in the light of the two assignments of error that it did not reach, there is an important reason for deciding the jurisdictional question on the basis that we do. If a dismissal for noncompliance with section 209-3.7 were treated as a decision that simply applies that nonreviewable "ministerial" provision, rather than one that finalizes a "land use decision," the county could use section 209-3.7, even erroneously, to dismiss every appeal from every underlying land use decision and thereby evade review of all of its decisions. As the facts of this case may display, the concern we express is not entirely hypothetical. *See also Colwell v. Washington Co.*, 79 Or App 82, 718 P2d 747, *rev den* 301 Or 338 (1986).[3] LUBA had jurisdiction.

■ We turn to the merits. LUBA concluded that the signature requirement was satisfied, despite the absence of a subscription on the petition itself, because the document was accompanied by a check for the filing fee and the check was signed.[4] The county and petitioner contend that LUBA's construction of the ordinance is erroneous, and we agree. LUBA emphasized that the ordinance does not specify *where* the petition is to be signed. That is correct, but there is no reasonable basis for doubt that the requirement relates to the document itself. Respondents do not contend that, and we

---

[3] LUBA noted, but did not reach, the question on which we base our decision that it had jurisdiction.

[4] The "signed" document was in fact a photocopy of the check that respondents tendered with their appeal from the hearings officer's first decision.

therefore do not decide whether, the county's "jurisdictional" requirement contravenes state law. *See Flowers v. Klamath County*, 98 Or App 384, 388, 780 P2d 227, *rev den* 308 Or 592 (1989), and authorities there cited.

■    Respondents' cross-petition asserts that LUBA erred by not reaching their first and second assignments of error. The clear, if unstated, reason why LUBA did not address those assignments is that the issue that it did decide was independently dispositive and the other assignments simply present alternative bases for reversing the county's decision. However, our disposition of the county's and petitioner's petitions revives respondents' other assignments to LUBA, and they must be considered on remand.

Reversed on petitions; reversed and remanded on cross-petition.