Argued and submitted November 20, affirmed December 16, 1992

## J. Robert BREIVOGEL,
Patricia Kliewer, Susanna L. Stephenson,
Michael Stephenson, Jerry L. Ross,
Teresa Ross, M. Lianne McNeil,
Patricia McIntyre and Clark King,
*Petitioners,*

*v.*

## WASHINGTON COUNTY
and Kite/Cupp Legend Golf Development Company,
*Respondents.*

### (LUBA 91-146; CA A77026)

843 P2d 982

Randall L. Dunn, Portland, argued the cause for petitioners. With him on the brief was Copeland, Landye, Bennett & Wolf, Portland.

David C. Noren, Assistant County Counsel, Hillsboro, argued the cause and filed the brief for respondent Washington County.

Gregory S. Hathaway, Portland, argued the cause for respondent Kite/Cupp Legend Golf Development Company. With him on the brief were Virginia L. Gustafson and Garvey, Schubert & Barer, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

**RICHARDSON, P. J.**

In *Breivogel v. Washington County*, 114 Or App 55, 834 P2d 473 (1992), we reversed and remanded LUBA's reversal of the county's dismissal of petitioners' appeal to the county governing body from a land use decision by a county hearings officer. The basis for the county's dismissal was that the appeal papers were not signed and therefore did not meet the requirements of section 209-3.7 of the county's development code. We disagreed with the specific basis for LUBA's decision and remanded for it to consider petitioners' alternative arguments. On remand, LUBA rejected those arguments and affirmed the county's decision.

■ Petitioners seek our review. Their principal argument is that an information sheet provided by the county did not mention the signature requirement and that the county did not fulfill its purported duty to inform petitioners about the requirement in other ways before the time for the appeal elapsed. That is, in essence, an estoppel argument. We agree with LUBA that, given the clear provision in the code, the county had no affirmative duty to apprise petitioners of it and they had no basis for relying on the county's silence.

■ Petitioners also advance the argument that the county's requirement or the manner in which it was implemented here is contrary to the policy of ORS 215.402 *et seq* and the cases construing those statutes. We noted in our earlier opinion, 114 Or App at 58-59, as did LUBA in its opinion on remand, that that argument was not made in the first appeal to LUBA or on our first review. Therefore, we cannot address it now. *See Beck v. City of Tillamook*, 313 Or 148, 831 P2d 678 (1992).

We expressly note that petitioners' arguments do not require us to comment on other aspects of the county's action or LUBA's decision on remand, and we do not do so.

Affirmed.