Argued and submitted October 9, reversed and remanded with instructions
November 15, 1995

Mickey SHAFFER,
*Petitioner,*

*v.*

CITY OF SALEM
and Tosco Northwest Company,
*Respondents.*

(LUBA 95-017; CA A89710)

905 P2d 1175

James L. McGehee argued the cause for petitioner. With him on the brief was McGehee & Meiners.

Paul A. Lee, Assistant City Attorney, argued the cause for respondent City of Salem, and Jon Stride argued the cause for

respondent Tosco Northwest Company. With Paul A. Lee on the brief was Max M. Miller, Jr.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Pursuant to section 114.200 of the Salem city code, petitioner appealed to the city council from a hearings officer's decision granting a variance sought by respondent Tosco Northwest Company. The city planning manager notified petitioner's attorney by letter that "[t]he City of Salem must reject this appeal because it is untimely," having not been filed within 15 days after the hearings officer's decision as required by section 114.200(b). Petitioner appealed to LUBA from the dismissal of his appeal to the council. He contended that he had not received timely notice of the hearings officer's decision, and that his time for appealing to the council was therefore tolled. LUBA allowed the city's motion to dismiss the LUBA appeal; it agreed with the city's and respondent's argument that petitioner had not pursued an appeal to the city council from the planning manager's purported dismissal of the appeal to the council and, therefore, had not exhausted local remedies. ORS 197.825(2)(a). Petitioner seeks review, and we reverse.

Section 114.200 provides, in relevant part:

"APPEAL TO COUNCIL. (a) Any of the following [persons including petitioner] may appeal a final decision on a quasi-judicial land use matter to the council, except where prohibited by any other provision of this zoning code[.]

"* * * * *

"(b) A written notice of appeal shall be filed with the administrator within 15 city business days after the record date of the decision as provided in SRC 114.190[.]

"* * * * *

"(c) Any person adversely affected or owning property within the notification area wishing to appeal a land decision for which no notice of a hearing is provided in this code, shall file written notice of appeal with the administrator as above provided within 15 city business days of the date the person knew or should have known of the decision."

The decisive question is whether an appeal to the council from the planning manager's putative dismissal of the underlying appeal to the council is a local remedy of the kind that ORS 197.825(2)(a) requires a party to exhaust

before LUBA's jurisdiction may be invoked. LUBA explained its affirmative answer:

> "The challenged decision by the planning manager rejecting petitioner's local appeal is a land use decision, because it concerns the application of the [Salem Revised Code] SRC and because it would make the hearings officer's decision approving the requested variance the city's final land use decision. ORS 197.015(10)(a)(A)(iii); *Breivogel v. Washington County*, 114 Or App 55, 58, 834 P2d 473 (1992); *Ramsey v. City of Portland*, ___ Or LUBA ___ (LUBA 94-167, March 30, 1995), slip op 5-6. Further, there can be no question that petitioner was adversely affected by the planning manager's decision rejecting his local appeal. Finally, no party contends the SRC provides for a notice of hearing before the planning manager makes a decision to reject a local appeal he believes to be untimely filed, and we are aware of no such code provision. Therefore, we agree with the city that under SRC 114.200(c), petitioner had an unqualified right to appeal the planning manager's decision to the city council within 15 business days of when petitioner learned of the planning manager's decision.
>
> "Petitioner has not established any reason to believe that appealing the planning manager's decision to the city council would have been a futile act.[3]

---

"[3] We see no reason to conclude the planning manager's decision was in fact a decision of the city council. There is nothing in the record indicating the city council instructed the planning manager to make the challenged decision or even was aware of petitioner's January 4, 1995 appeal."

■ ■ We do not agree with LUBA's reasoning. Section 114.200 clearly provides that the hearings officer's decision was appealable to the city council, and that is the course that petitioner pursued. Neither that section, nor anything else in the code about which we are informed, provides that anything about the appeal ever came within the planning manager's jurisdiction or authority. Moreover, and perhaps more importantly, nothing in the code of which we are aware or that the parties cite makes this action of the planning manager appealable to the city council. The city relies for the contrary view *inter alia*, on two procedural provisions,[1] subsections

---

[1] A third provision on which the city relies relates to "processing of applications." We do not discern the significance that the city finds in the provision.

114.020(a)(6) and (b)(6), which apply generally to council appeals from decisions of "the administrator, hearings officer or commission." However, both provisions also specify that they apply only "where such appeal is provided for in this zoning code."[2] The city cites no specific provision in the code that authorizes the appeal that it contends is available here, although the general provisions on which it relies make clear that no appeal is allowable in the absence of such a specific provision elsewhere in the code.

■    Reduced to essentials, the city's and respondent's position is that, to satisfy the exhaustion of local remedies requirement of ORS 197.825(2)(a), petitioner had to appeal to the city council from a facially authoritative and facially final dismissal of his appeal to the city council.[3] Neither the city code nor the state statute required that he do so. In *Tarjoto v. Lane County*, 137 Or App 305, 310, 904 P2d 641 (1995), another case involving ORS 197.825(2)(a), we indicated that that and related statutes

> "are not designed to foster gamesmanship on the part of parties or decision makers, of the kind that [the petitioner there] hypothesizes, *e.g.*, in which 'local remedies' are artificially fabricated or interpreted as being 'unavailable' in an effort to defeat the possibility of timely LUBA appeals." (Footnote omitted.)

LUBA erred by allowing the motion to dismiss.

As we have noted, the planning manager had no authority to take the action he did, and the city council has not yet decided petitioner's pending appeal from the hearings officer's decision. Accordingly, the proper disposition here is for LUBA to remand the matter to the city for further appropriate proceedings.

---

[2] The quoted language is from subsection (a)(6). Subsection (b)(6) states more succinctly, "where such appeal is provided for." We understand the two phrases to be synonymous. Needless to say, there is no city council interpretation of these provisions to which we can or must defer.

[3] We also conclude that that facial regularity was sufficient to give LUBA jurisdiction over this appeal from the dismissal, at least to review the matters that it and we have addressed. *Breivogel v. Washington County*, 114 Or App 55, 834 P2d 473 (1992).

Reversed and remanded with instructions to remand to city for further proceedings not inconsistent with this opinion.