Argued and submitted November 27, 1995, affirmed February 7, 1996

Fran FRANKLIN,
Kaye Franklin, and Regena Franklin,
*Respondents,*

*v.*

DESCHUTES COUNTY,
*Respondent below,*

*and*

WAL-MART STORES, INC.,
*Petitioner.*

(LUBA 94-208, 95-022; CA A90211)

911 P2d 339

William F. Gary argued the cause for petitioner. With him on the brief were Anne C. Davies, Antonia M. De Meo, Yuanxing Chen and Harrang Long Gary Rudnick P.C.

Steve C. Morasch argued the cause for respondents. With him on the brief were Daniel E. Van Vactor, Forcum & Speck and Schwabe, Williamson & Wyatt.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Edmonds, Judge.

DEITS, P. J.

**DEITS, P. J.**

Wal-Mart Stores, Inc. (Wal-Mart) seeks review of LUBA's remand of Deschutes County's modification of the conditional use permit allowing Wal-Mart to develop a department store. We affirm.

The original permit was granted by a county hearings officer in 1993. Among the conditions that the hearings officer attached to the permit was that Wal-Mart complete certain road improvements and make certain right-of-way dedications "prior to the opening of the proposed store." In order to accomplish the road improvements, Wal-Mart needed to acquire land belonging to respondents Franklin (the Franklins). After Wal-Mart's own efforts to acquire that property failed, Wal-Mart and the county agreed that the county would obtain the property and that Wal-Mart would bear the costs of it doing so. The county brought a condemnation action; the Franklins resisted and, apparently, the action was eventually abandoned.

After it had become apparent that not all was going smoothly in the direction of Wal-Mart's completion of the permit conditions, Wal-Mart sought and the county planning director granted the modification that gives rise to the present controversy. The director modified the permit conditions by deferring the completion of the road improvement requirement for two years and deleting part of the dedication requirement. One of the effects of the modification, as explained by LUBA, was to make "it possible for the store to open" before the original conditions were fulfilled. The planning director treated the modification decision as a "development action" rather than a "land use action" under the county code and, accordingly, did not follow the procedures, including those for notice and a hearing, that the code requires for land use actions.

The Franklins appealed the planning director's modification to LUBA and also to a county hearings officer. As stated in Wal-Mart's brief, the hearings officer "dismissed the appeal [to her] for lack of jurisdiction." The Franklins sought review of that decision by the governing body of the county, but it declined review. They then appealed the hearings officer's decision to LUBA. That appeal was consolidated with the previously-filed appeal from the planning director's decision.

Most, if not all, of the Franklins' arguments to LUBA were directed against the director's decision, rather than that of the hearings officer.

We will describe LUBA's reasoning in some detail, largely in the interest of pointing out the principal bases for its decision that are not challenged here and that differ sharply from the issues that are now before us. LUBA first concluded that the Franklins had standing to appeal under ORS 197.830(3), contrary to Wal-Mart's argument. LUBA reasoned that the Franklins were "adversely affected" within the meaning of that statute, because the permit and the modification "directly affect [the Franklins' property] interests," and because they are persons within "sight and sound" of the proposed development that the modification facilitated.

Next, LUBA concluded, again over Wal-Mart's contrary contention, that the planning director's modification was a "land use decision," within the meaning of ORS 197.015(10)(b)(A) and within LUBA's jurisdiction, because it entailed an "exercise of policy judgment," that altered an earlier exercise of policy judgment concerning the conditions in the permit. LUBA might also have added the point in that connection, which it did in another part of its opinion, that the director's action achieved the scarcely "ministerial" result of allowing the store to open before the completion of the conditions that the original permit had made a prerequisite to its opening.

LUBA then turned to the question of whether the planning director was correct in his characterization of the modification as a development action, rather than a land use action. It rejected the director's and Wal-Mart's assertions on that question. LUBA reasoned, in part, that the code includes "land use permits" in the definition of "land use action," and defines "land use permit" as including "modification of condition[s]." Having concluded that the planning director had made a decision without following the required procedures for a "land use action," LUBA remanded "[t]he county's decision." LUBA did not address the other substantive issues that the Franklins raised and that would be subject to consideration by the county on remand.

■ Wal-Mart does not now challenge LUBA's disposition of any of the issues that we have described. Instead, its principal argument to us is that LUBA lacked jurisdiction over the

appeal from the planning director's modification decision, because the county's *final* decision was the hearings officer's rather than the director's and only a final local decision is appealable to LUBA. ORS 197.015(10)(a)(A).[1] Wal-Mart continues that none of the Franklins' arguments was directed against any ruling by the hearings officer in rendering her final decision. Therefore, as Wal-Mart concludes its syllogism, there was no issue before LUBA in connection with the hearings officer's final decision, and LUBA did not have jurisdiction over the earlier decision of the planning director that the Franklins asserted and LUBA concluded was erroneous. Wal-Mart buttresses its argument by reference to ORS 197.825(2)(a), which confines LUBA's jurisdiction to cases in which a petitioner has exhausted all local remedies "available by right."

ORS 197.015(10)(a)(A) defines the land use decisions that come within LUBA's jurisdiction as including:

"A *final decision* or determination made by a local government or special district *that concerns the adoption, amendment or application of*:

"(i)    The goals;

"(ii)   A comprehensive plan provision;

"(iii)  A land use regulation; or

"(iv)   A new land use regulation * * *." (Emphasis supplied.)

Wal-Mart focuses on the first emphasized phrase in the quotation and disregards the second. The planning director's decision concerned the application of the provisions in the county's land use regulations relating to the nature of and

---

[1] The argument that Wal-Mart made to LUBA, and that LUBA rejected, was that the planning directors' decision was not "discretionary" and, therefore, was excluded from the definition of "land use decision" by ORS 197.015(10)(*b*)(A). The "final decision" argument that Wal-Mart now makes under ORS 197.015(10)(*a*)(A) involves another part of the statutory definition, and raises a very different question from the one answered by LUBA. Wal-Mart's brief to us states, concerning LUBA's response to that question:

"For purposes of this appeal, without conceding otherwise, Wal-Mart will assume that the modification involved the exercise of discretion."

Jurisdictional questions, of course, do not have to be raised by a party in order to be presented to the court. With respect to LUBA's resolution of the ORS 197.015(10)(b)(A) issue and the other issues we have discussed that are jurisdictional in character, we agree with LUBA's reasoning in its entirety. In the balance of this opinion, we will focus on the arguments that Wal-Mart *now* makes.

the procedures applicable to a modification and, implicitly, as a matter of substance, those relating to conditional use permits of the kind in question. *Terraces Condo. Assn. v. City of Portland*, 110 Or App 471, 823 P2d 1004 (1992). The hearings officer's decision, as Wal-Mart acknowledges, was that she lacked authority to review the director's decision on any of those matters. Stated differently, the planning director's decision concerned the application of the county's land use regulations, and the hearings officer's determination was, in effect, that she lacked jurisdiction to apply the regulations that the planning director did or to review the way in which he applied them.

Although the hearings officer's determination technically did concern the application of the reviewability provisions of the county's regulations, she did not and, by her reasoning, could not have applied the same provisions of the regulations that the planning director's decision concerned. To treat her decision as the only one appealable to LUBA under ORS 197.015(10)(a)(A) would enable local governments to evade any review of their substantive decisions; they could simply provide in their regulations for a "final" local appeal to a body on which little or no actual review authority is conferred.

We decline to interpret the finality component of the statutory definition in that way. We conclude that the planning director's decision was a "final" one, within the meaning of ORS 197.015(10)(a)(A), as to the matters that it decided and the regulations that it applied, which the hearings officer held, without challenge before LUBA, *see* note 2, that she could not review. Reduced to essentials, Wal-Mart's contention is that the planning director's decision is not the county's *final* one on the matters that it resolves, simply because there was a *later* county decision which held that the director's decision *was* the final one as to those matters. We do not agree with that argument.[2]

---

[2] To the extent Wal-Mart's argument concerning the Franklins' failure to assign error to the hearings officer's ruling calls for separate comment, it is aptly answered by the Franklins: They did not consider her ruling to be erroneous, and no other party cross-petitioned from or assigned error to her ruling before LUBA. Although the Franklins appealed to LUBA from the hearings officer's as well as the planning director's decision, that was apparently a precautionary measure, designed to preserve their position in the face of disputes, *inter alia*, about which decision was final.

■    As noted, Wal-Mart relies on the exhaustion provision of ORS 197.825(2)(a) as well as the finality requirement of ORS 197.015(10)(a)(A), in conjunction with its jurisdictional argument. The exhaustion provision requires a party, as a condition precedent to obtaining LUBA's review of a local decision, to pursue local remedies that are "available by right." This case presents the exact converse of a situation in which ORS 197.825(2)(a) could bar a LUBA appeal. In addition to appealing the planning director's decision to LUBA, the Franklins sought review of it at every possible local level and the local decision makers ruled that no review was available. There is no exhaustion problem here. *See Shaffer v. City of Salem,* 137 Or App 583, 587, 905 P2d 1175 (1995); *Tarjoto v. Lane County,* 137 Or App 305, 310, 904 P2d 641 (1995). We hold that LUBA had jurisdiction over the planning director's modification decision, and we reject Wal-Mart's assignments in which it asserts that LUBA did not.

■    Wal-Mart also assigns as error that LUBA's order "failed to dispose of one of the two decisions on appeal," in that it simply concluded that the county's decision — in the singular — is remanded. Wal-Mart's assignment does not demonstrate reversible error. LUBA's failure to specify which appeal it was deciding on the merits was harmless error, if it was error at all, because Wal-Mart was not prejudiced in its ability to proceed with its presentations to us or in any other way. Wal-Mart does not suggest that it was unable to discern which of the two orders was the object of LUBA's disagreement; to the contrary, it acknowledges that "[i]t appears that the case disposed of is the planning director's decision."[3] Additionally, as noted above, Wal-Mart also bases one of its other arguments on the fact that the Franklins' assignments of error to LUBA challenged *only* the planning director's decision. It is clear that the target of LUBA's finding of error and its disposition was the director's decision alone, and that Wal-Mart understood that to be the case.

Wal-Mart's remaining assignment does not call for discussion.

Affirmed.

---

[3] We interpret LUBA's order in the same way and, for purposes of our disposition, we treat the planning director's decision as the one remanded by LUBA.