Argued and submitted June 19, affirmed July 12, 1995

ORENCO NEIGHBORHOOD ORGANIZATION,
Phillip & Sherry Smith,
Kathy & Robert Peck,
Charles B. Hedricks,
Harlan & Virginia Baughman,
Joel & Bonnie Kooken, Sonja Hall
and Mrs. Arnold Nureen,
*Petitioners,*

*v.*

CITY OF HILLSBORO,
*Respondent.*

(95-010; CA A88467)

899 P2d 720

Gregory G. Lutje argued the cause and filed the brief for petitioners.

Timothy J. Sercombe argued the cause for respondent. With him on the brief was Preston Gates & Ellis.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioners seek review of LUBA's dismissal of their appeal from the City of Hillsboro's adoption of an ordinance pertaining to property located in the area of an extension segment of the Westside Light Rail project. We affirm.

The ordinance amends the city's zoning ordinance, and was adopted pursuant to ORS 197.610 to ORS 197.625 in April 1994. Petitioners filed their notice of intent to appeal to LUBA in January 1995. LUBA granted the city's motion to dismiss the appeal as untimely. ORS 197.830(8), which governs the time for appeals to LUBA, provides, as material:

"A notice of intent to appeal a land use decision or limited land use decision shall be filed not later than 21 days after the date the decision sought to be reviewed becomes final. A notice of intent to appeal plan and land use regulation amendments processed pursuant to ORS 197.610 to 197.625 shall be filed not later than 21 days after the decision sought to be reviewed is mailed to parties entitled to notice under ORS 197.615."

Petitioners do not appear to contend that any of them was entitled to notice under ORS 197.615, which sets forth the requirements for local government notices regarding amendments to acknowledged land use regulations. They also do not argue that they were entitled to notice under any other state statute. They argue, however, that petitioner Hedricks was entitled to a prehearing notice under provisions of the *city's* zoning ordinance. Therefore, they maintain, the time for him to appeal under ORS 197.830(8) was tolled by ORS 197.830(3). The latter provides, in relevant part:

"If a local government makes a land use decision without providing a hearing * * *, a person adversely affected by the decision may appeal the decision to the board under this section:

"(a) Within 21 days of actual notice where notice is required; or

"(b) Within 21 days of the date a person knew or should have known of the decision where no notice is required."

Petitioners assert that Hedricks' appeal was timely under ORS 197.830(3)(b).[1] Relying on its decision in *Leonard v. Union County*, 24 Or LUBA 362 (1992), LUBA agreed with petitioners that a failure to give a prehearing notice required by a local zoning ordinance *could* give rise to a tolling of the appeal time under ORS 197.830(3). However, LUBA dismissed the appeal because it concluded that Hedricks was not entitled to notice under the local provisions. It is unnecessary for us to consider Hedricks' entitlement to notice under the local provisions, however, because we do not agree with LUBA that the statutes allow for a tolling of the appeal time to LUBA under these circumstances. We therefore affirm LUBA's decision on alternative grounds.

ORS 197.830(8) defines two distinct 21-day appeal periods: the first, for land use or limited land use decisions, runs from the time of their finality; the second, for amendments to land use regulations under the post-acknowledgment statutes, ORS 197.610 to ORS 197.625, runs from the time that the notice specified in those statutes is given to persons entitled to notice under them. The city argues that neither period can be extended under ORS 197.830(3) by virtue of a failure to give notice pursuant to a *local* provision.

LUBA reasoned in *Leonard* that, if a local government fails to give a person a *pre*hearing notice required by state or local law, the local government has effectively failed to provide a hearing as to that person, and his or her time for appealing is therefore tolled until the applicable post-decision notice or constructive notice described in ORS 197.830(3) occurs. The city contends that *Leonard* was wrongly decided in its entirety, and especially insofar as it permits local provisions to affect the state law question of LUBA's jurisdiction. Because we conclude specifically that the time that ORS 197.830(8) prescribes for appealing a post-acknowledgment amendment to a land use regulation cannot be extended in this manner, we need not address the broader ramifications of the city's argument relating to *Leonard* and to LUBA's jurisdiction.

---

[1] The basis for LUBA's decision made it unnecessary for it to make a factual determination concerning Hedricks' assertion that he did not and should not have known the relevant fact until nine months after it occurred.

The crux of petitioners' position is that the time provided by ORS 197.830(8) may be extended pursuant to ORS 197.830(3) if certain locally prescribed procedures are not satisfied. However, ORS 197.610 to ORS 197.625 comprehensively govern the procedures applicable to post-acknowledgment amendments and additions to local land use legislation. The appeal period defined in ORS 197.830(8) is an integral part of those procedures. Under ORS 197.625(1), the new or amended local legislation "shall be considered acknowledged" if, *inter alia*, "no notice of intent to appeal is filed within the 21-day period set out in ORS 197.830(8)." Conversely, if an appeal is taken within that time, the amendment or new legislation is not deemed acknowledged until the time that a LUBA or judicial decision affirming it becomes final. ORS 197.625(1), (2).

Under petitioners' reading, ORS 197.830(3) makes it possible for a local notice provision, which has no analog in state statutes, either to alter the time at which an unappealed amendment is deemed acknowledged under those statutes or to extend the period for appealing such an amendment beyond the time that it has been deemed acknowledged under the statutes. Either of those effects would distort the roles that the post-acknowledgment statutes assign to the appeal process and to the finality of acknowledgments. In the light of their text and context, it is not plausible to interpret ORS 197.830(3) and (8) — as petitioners do — as allowing the fundamental operation of the statutory post-acknowledgment process to be a variable of, or a hostage to, locally adopted procedures.

We conclude that the appeal period was not tolled. The appeal was untimely under ORS 197.830(8), and LUBA was correct in dismissing it.

Affirmed.