Argued and submitted September 25, affirmed October 18, 1995

Heru H. TARJOTO,
*Petitioner,*

*v.*

LANE COUNTY, OREGON,
*Respondent.*

(95-052, 95-053; CA A89404)

904 P2d 641

Wendie Kellington argued the cause for petitioner. On the brief were Daniel Kearns and Preston Gates & Ellis.

Stephen L. Vorhes argued the cause for respondent. With him on the brief was Lane County Office of Legal Counsel.

Before Deits, Presiding Judge, and De Muniz and Armstrong, Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioner seeks review of LUBA's dismissal of his appeal from the Lane County planning director's decisions approving two permits for nonforest dwellings in a forestry zone. The dismissal was based on LUBA's conclusion that petitioner also had appealed the director's decisions to a county hearings officer, that that local appeal was still pending and, therefore, petitioner had not fulfilled the exhaustion of available local remedies requirement that ORS 197.825(2)(a) makes a condition precedent to appealing to LUBA. Under the facts of this case, we agree with that conclusion and affirm.

In December 1993, the director issued the decisions without having held a hearing. Although it is not disputed that petitioner is a person who was entitled to notice of the decisions under the county code, due to an oversight no notice was given to him and he did not become aware of the decisions until March 14, 1995. The code provides that decisions of the director may be appealed to the hearings officer within 10 days after they are made. Notwithstanding the fact that more than a year had elapsed, petitioner filed an appeal to the hearings officer on March 20, 1995. The county planning department accepted the appeal and, at the time of the LUBA proceedings, it was pending before the hearings officer.[1]

On March 29, 1995, petitioner filed this appeal to LUBA from the director's decisions approving the permits. The county moved to dismiss on the ground that the pending appeal to the hearings officer was an available local remedy that petitioner had not exhausted. As indicated above, LUBA granted the motion. Petitioner assigns error to that ruling.

ORS 197.830(3) provides:

"If a local government makes a land use decision without providing a hearing or the local government makes a land use decision which is different from the proposal described in the [pre-decision] notice to such a degree that the notice of the proposed action did not reasonably describe the local government's final actions, a person adversely affected by the decision may appeal the decision to the board under this section:

---

[1] We are advised that the hearings officer has now rendered a decision on the merits of the dispute.

"(a) Within 21 days of actual [post-decision] notice where notice is required; or

"(b) Within 21 days of the date a person knew or should have known of the decision where no notice is required."

ORS 215.416(11)(a) provides:

"The hearings officer, or such other person as the governing body designates, may approve or deny an application for a permit without a hearing if the hearings officer or other designated person gives notice of the decision and provides an opportunity for appeal of the decision to those persons who would have had a right to notice if a hearing had been scheduled or who are adversely affected or aggrieved by the decision. Notice of the decision shall be given in the same manner as required by ORS 197.763 or 197.195, whichever is applicable. An appeal from a hearings officer's decision shall be to the planning commission or governing body of the county. An appeal from such other person as the governing body designates shall be to a hearings officer, the planning commission or the governing body. In either case, the appeal shall be a de novo hearing."

Petitioner argued to LUBA that, under ORS 197.830(3), he may appeal the planning director's decisions directly to LUBA, because the decisions were made without providing a hearing, the county was required to notify petitioner of the decisions, and he filed his LUBA appeal within 21 days of obtaining actual notice. The county argued that its procedures *do* allow a hearing and that petitioner is pursuing the hearing that the county code makes available. Although the county does not and need not require that a hearing occur before the initial decision is made, a *de novo* hearing becomes available if that decision is appealed. Petitioner has appealed and, the county maintains, its failure to give him notice is a moot point, given that he has appealed and it has accepted the appeal. The local review process has been initiated and, according to the county, LUBA cannot exercise jurisdiction under ORS 197.825(2)(a) until the county process is exhausted.

The county's argument to LUBA was based largely on the local code provisions. LUBA agreed with the county's conclusion, but based its analysis on ORS 197.830(3), ORS 215.416(11)(a) and the relationship between them. LUBA identified the situations where ORS 197.830(3) applies as

those where a local government "either (1) fails to hold a required *hearing*; or (2) fails to give a person" a required pre-hearing notice of a hearing. (Emphasis in original.) ORS 215.416(11)(a), on the other hand, permits certain decisions to be made without hearings, subject to the requirements of notice of the decisions and the availability of a *de novo* appeal. In other words, according to LUBA, ORS 197.830(3) safeguards the ability to appeal a decision to LUBA if it is made without a required hearing or ability to participate in the hearing, while ORS 215.416(11) provides that a hearing is not required in the first instance if a *de novo* hearing and a meaningful ability to pursue it are provided for at a later stage of the county process.

LUBA went on to conclude that

"where a local government makes a permit decision without a hearing, pursuant to local procedures implementing ORS 215.416(11) to [its analog applicable to cities], ORS 197.830(3) does not apply, because the local government did not fail to provide a hearing or the notice of such hearing required by state or local law. However, under ORS 215.416(11) [and the city analog], the local government must provide the opportunity for individuals to obtain a hearing through a de novo local appeal, as required by those statutes. If the local government fails to provide the notice of decision required by ORS 215.416(11) * * *, it cannot rely on that failure to prevent it from providing the opportunity for a de novo local appeal required by statute. Therefore, in such a situation, the time for filing a local appeal does not begin to run until a local appellant is provided the notice of decision to which he or she is entitled. Because a local appeal is available to such an individual, under ORS 197.825(1)(a) that appeal must be exhausted before appealing to LUBA.

"In this case, there is no dispute the planning director made initial decisions on the disputed permits without a hearing, under code provisions implementing ORS 215.416(11). Therefore, ORS 197.830(3) does not apply to allow petitioner to appeal the planning director's decisions directly to this Board. Furthermore, under ORS 215.416(11), the county is required to provide petitioner with notice of the planning director's decisions and the opportunity for a de novo local appeal. Consequently, under ORS 197.825(2)(a), we lack jurisdiction to review the challenged decisions, because petitioner must exhaust the available local appeal process." (Footnote omitted.)

LUBA's conclusion that the time for a local appeal does not begin to run until the required notice of the decision is provided was based on opinions of ours and its own, dealing with analogous issues in the interpretation and application of ORS 215.402 *et seq* and the corresponding statutes applicable to cities. *See, e.g., League of Women Voters v. Coos County*, 82 Or App 673, 729 P2d 588 (1986), and authorities there cited (holding that the time for appealing a local permit decision to LUBA is tolled by the county's failure to give notice of the decision as required by ORS 215.416). LUBA also indicated, in a footnote, that local code provisions may not be interpreted or applied in a way that is contrary to that state statutory requirement. *Accord Flowers v. Klamath County*, 98 Or App 384, 388, 780 P2d 227, *rev den* 308 Or 592 (1989).

We agree with LUBA's reasoning as applied to the facts of this case. We share its view that there is a local remedy that is "available" to petitioner and that the county is required by state statute to permit him to pursue and complete its hearing process. Consequently, he must exhaust that remedy before he may seek review by LUBA.

We need not decide and we reserve judgment about the relative effects and applicability of ORS 197.830(3) and ORS 215.416(11)(a) to facts that differ from those here. For example, we do not reach the question of whether petitioner could have appealed directly to LUBA under ORS 197.830(3) after learning of the planning director's decisions, had he not also appealed to the hearings officer and thereby obtained rulings from the county, LUBA and us that the local remedy is "available" within the meaning of ORS 197.825(2)(a).

Whatever their precise relationship may be, ORS 197.830(3) and ORS 215.416(11) are not designed to foster gamesmanship on the part of parties or decision makers, of the kind that petitioner hypothesizes, *e.g.*, in which "local remedies" are artificially fabricated or interpreted as being "unavailable" in an effort to defeat the possibility of timely LUBA appeals.[2] Petitioner describes LUBA's interpretation

---

[2] We do not imply that any such gamesmanship was attempted here. In fact, the contrary appears to be so. The county *inadvertently* failed to provide the notice, and it has not attempted to prevent the local appeal from proceeding.

of the relationship of the two statutes as creating a "jurisdictional hall of mirrors." If that description is meant to imply that either the statutes or the way that LUBA applied them create the risk of a jurisdictional void, we disagree. We think the intended effect of the statutes is the opposite, *i.e.*, to provide adequate procedures to prevent cases from slipping through jurisdictional cracks. LUBA's decision gives effect to that intent, and we hold that it did not err.

Affirmed.