Argued and submitted November 7, 2013, affirmed April 2, 2014

Morteza ALEALI,
*Petitioner,*

*v.*

CITY OF SHERWOOD;
and Langer Gramor, LLC,
*Respondents.*

Land Use Board of Appeals
2013054; A155112

325 P3d 747

Christopher Winter argued the cause for petitioner. With him on the brief were Courtney Johnson and Crag Law Center.

Christopher D. Crean argued the cause for respondent City of Sherwood. With him on the brief was Beery Elsner & Hammond, LLP.

Seth J. King argued the cause for respondent Langer Gramor, LLC. With him on the brief was Perkins Coie LLP.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and De Muniz, Senior Judge.

SERCOMBE, P. J.

**SERCOMBE, P. J.**

The City of Sherwood (city) made land use decisions following public hearings by its planning commission. More than seven months later, petitioner sought review of those decisions by filing a notice of intent to appeal with the Land Use Board of Appeals (LUBA or board). LUBA dismissed the appeal as untimely under ORS 197.830(9), which requires that the notice be filed with LUBA "not later than 21 days after the date the decision sought to be reviewed becomes final."

Before LUBA, petitioner contended that the time to appeal the land use decision was tolled under ORS 197.830(3), which allows an extended appeal period when "a local government makes a land use decision without providing a hearing." Petitioner argued that, although public hearings were held, he was not "provid[ed] a hearing" because he was not notified of the hearings as required by local ordinance and given a meaningful opportunity to participate. LUBA concluded that ORS 197.830(3) did not provide petitioner with an extended time to appeal. It interpreted the phrase "without providing a hearing" in ORS 197.830(3) to mean either (1) that a required hearing on the land use decision was not held at all or (2) that a hearing was held, but was not practically "provid[ed]," because a petitioner was not given a prehearing notice and opportunity to participate in the hearing as required under state law. LUBA dismissed the appeal as untimely under ORS 197.830(9), concluding that petitioner's time to appeal was not tolled under ORS 197.830(3), given that hearings were held and state law did not require a prehearing notice to be mailed to petitioner. On review, petitioner asserts that LUBA's construction of ORS 197.830(3) is "unlawful in substance" and seeks reversal of the dismissal order. *See* ORS 197.850(9)(a) (court shall reverse or remand LUBA's order if the order is "unlawful in substance"). As explained below, we conclude that LUBA did not err in dismissing petitioner's appeal as untimely. Accordingly, we affirm.

Except as noted, the facts relevant to the issue on review are undisputed. Respondent Langer Gramor, LLC (respondent) sought site plan and conditional use approvals from the city planning commission for a commercial shopping

center. The application was considered at three public hearings. The city published and posted notice of the public hearings. In addition, as required by local ordinance, the city mailed prehearing notice to a group of property owners located within 1,000 feet of the proposed shopping center property. *See* City of Sherwood, Oregon Zoning and Community Development Code § 16.72.020.C.1 ("For [various approvals, including conditional use permits], the City shall send written notice by regular mail to owners of record of all real property within one thousand (1,000) feet from the property subject to the land use action."). Petitioner owned property that was located more than 100 feet, but less than 1,000 feet, from the proposed shopping center property.

The mailed prehearing notice required by the city's code exceeded that mandated by state law: Under ORS 197.763(2), which sets out the process required for quasi-judicial land use hearings conducted before a local government entity,

"(a) Notice of the hearings governed by this section shall be provided to the applicant and to owners of record of property on the most recent property tax assessment roll where such property is located:

"(A) *Within 100 feet of the property which is the subject of the notice* where the subject property is wholly or in part within an urban growth boundary[.]"[1]

(Emphasis added.)

The land use decisions issued on November 9, 2012. Petitioner filed his notice of intent to appeal with LUBA on June 18, 2013. The city and respondent moved to dismiss the appeal as untimely under ORS 197.830(9), which provides, in relevant part:

"A notice of intent to appeal a land use decision or limited land use decision shall be filed [with LUBA] not later than 21 days after the date the decision sought to be reviewed becomes final."

---

[1] The statute requires prehearing notice of land use hearings for property owners within 250 feet of property outside of an urban growth boundary (UGB) and not within a farm or forest zone and 500 feet for property within a farm or forest zone. ORS 197.763(2)(a)(B), (C). The shopping center property at issue is located within an adopted UGB.

In response, petitioner argued that the appeal was timely under ORS 197.830(3), which provides:

"If a local government makes a land use decision without providing a hearing, except as provided under ORS 215.416(11) or 227.175(10), or the local government makes a land use decision that is different from the proposal described in the notice of hearing to such a degree that the notice of the proposed action did not reasonably describe the local government's final actions, a person adversely affected by the decision may appeal the decision to the board under this section:

"(a)   Within 21 days of actual notice where notice is required; or

"(b)   Within 21 days of the date a person knew or should have known of the decision where no notice is required."

Relying on LUBA's construction of ORS 197.830(3), set forth in *Leonard v. Union County*, 24 Or LUBA 362 (1992), petitioner contended that he was not "provid[ed] a hearing" under ORS 197.830(3) because he was not given the prehearing notice required by the city code, and that, accordingly, he should have been allowed to appeal within 21 days of the time that he knew or should have known about the decisions. It was petitioner's position that a local government fails to provide a hearing within the meaning of ORS 197.830(3) if it either fails to provide a hearing at all or if it fails to give a person the individual notice of hearing he or she was entitled to receive under state *or local* law. Because petitioner's property is located more than 100 feet, but less than 1,000 feet, from the proposed shopping center property, it is within the area for which a mailed notification of the hearings was required by local law, but outside the area for which mailed notice was required by state law. Petitioner presented evidence to LUBA that he did not receive the mailed prehearing notice required by the city code and did not learn of the land use decisions until shortly before his LUBA filing.[2]

---

[2] Although respondent disputed petitioner's contention that he did not receive mailed notice of the hearings as required, in its opinion and order, LUBA assumed that petitioner had not received mailed prehearing notice required by the city code.

In its order, LUBA construed ORS 197.830(3) to have a narrow ambit in light of its statutory context. The board noted that the legislative policy set forth in ORS 197.805 states that "[i]t is the policy of the Legislative Assembly that time is of the essence in reaching final decisions in matters involving land use and that those decisions be made consistently with sound principles governing judicial review. It is the intent of the Legislative Assembly in enacting ORS 197.805 to 197.855 to accomplish these objectives." The board concluded that allowing local law to prolong the time to appeal to LUBA would be inconsistent with the time-is-of-the-essence policy. LUBA determined that "that legislative policy is a sufficient basis for concluding that a city's failure to provide a notice of hearing that is required only by [local] law will not operate under ORS 197.830(3) to toll the period set out in the first sentence of ORS 197.830(9)." In addition, LUBA noted that "the possibility of late appeals based on the failure to satisfy local hearing notice requirements similarly undercuts the statutory preference for and emphasis on the importance of the finality of land use decisions and limited land use decisions."

LUBA determined that the applicable prehearing notice provisions for the challenged decisions were contained in ORS 197.763(2)(a). As noted, that statute requires notice to owners of property within 100 feet of the property that is the subject of the prehearing notice. Because petitioner was not within that class of persons who were entitled to prehearing notice under ORS 197.763(2)(a) and by lack of notice not "provid[ed] a hearing" under ORS 197.830(3), LUBA dismissed the appeal as untimely under ORS 197.830(9).

On review, petitioner asserts that, contrary to LUBA's conclusion, a failure to comply with local law notice requirements does operate under ORS 197.830(3) to toll the statutory deadline. We construe ORS 197.830(3) using the analytic framework set forth in *State v. Gaines*, 346 Or 160, 169-72, 206 P3d 1042 (2009). That is, we determine the meaning of a statute by examining its text, context, and legislative history.

Petitioner's core contention on review is that, as used in ORS 197.830(3), the phrase "without providing a

hearing" includes failing to provide the prehearing notice that is required by state or local law and, therefore, the statute permits a delayed appeal in his case. Petitioner argues that the text of ORS 197.830(3) does not distinguish between whether an unprovided hearing is required by state or local law, and such a distinction ought not to be inferred from the text of the statute. Instead, citing *Tarjoto v. Lane County*, 137 Or App 305, 904 P2d 641 (1995), petitioner contends that ORS 197.830(3) applies when a local government either fails to hold a hearing or fails to give a person a prehearing notice. *See* 137 Or App at 310 (declining to decide that question). Petitioner points out that, in *Tarjoto*, we noted that the purpose of ORS 197.830(3) and ORS 215.416(11) is "to provide adequate procedures to prevent cases from slipping through jurisdictional cracks."[3] *Id.* Petitioner contends that his view of ORS 197.830(3) advances that purpose by providing an appeal remedy when a person has been prevented from appearing at a hearing (and obtaining standing to appeal to LUBA) by any defective prehearing notice.

The city defends LUBA's determination by arguing that "LUBA's jurisdiction * * * cannot be made subject to the whims of local ordinance." Instead, according to the city, "the answer to any question regarding [the scope of LUBA's jurisdiction] must be found in applicable statutes." More narrowly, however, the city argues that giving local character to the phrase "without providing a hearing" would be inconsistent with advancing the legislative time-is-of-the-essence policy set out in ORS 197.805. Based on those considerations, the city urges a narrow construction of ORS 197.830(3) to toll the requirements of ORS 197.830(9) only when a hearing is not held or is not provided in the manner required by *state* law.

The parties' contentions raise two questions about the meaning of ORS 197.830(3): (1) Does "without providing a hearing" refer only to circumstances where no hearing is held, or does the phrase also implicate circumstances where a hearing is not practically provided because of defective prehearing notification? (2) If the phrase "without providing a

---

[3] *See* ORS 197.830(2)(b) (requiring that a person have "[a]ppeared before the local government * * * orally or in writing" in order to petition LUBA for review).

hearing" refers to circumstances where a hearing is held but not practically provided, does state law, local law, or both, determine to whom prehearing notice and a hearing opportunity is owed? As explained below, we conclude that the legislature intended ORS 197.830(3) to expand the time to file a notice of intent to appeal to LUBA under ORS 197.830(9) when a hearing is not held in some circumstances or when a party is precluded from participating in a quasi-judicial land use hearing because the notice of the hearing is defective under state law.[4]

---

[4] We reach that conclusion notwithstanding the technical merit of some of petitioner's criticisms of LUBA's statutory construction analysis. In reaching its conclusion in this case, LUBA discussed our opinion in *Orenco Neighborhood v. City of Hillsboro*, 135 Or App 428, 899 P2d 720 (1995). In that case, the petitioners challenged a post-acknowledgment amendment to the city's zoning ordinance. The post-acknowledgment statutes, ORS 197.610 to 197.625, set out the process for approving and gaining "acknowledgment" (defined by ORS 197.015(1) to mean a Land Conservation and Development Commission order "that certifies that a comprehensive plan and land use regulations, land use regulation or plan or regulation amendment complies with the [statewide planning] goals") for comprehensive plan amendments or the adoption of new or amended land use regulations.

The petitioners in *Orenco Neighborhood* argued that one of them was entitled to, but not given, the prehearing notice required by the city's zoning ordinance (but not required by state law). They argued that the time in which a party who had not received notice as required by local law had to appeal was tolled by ORS 197.830(3). We noted that post-acknowledgment plan amendment (PAPA) appeals were governed by the second sentence in *former* ORS 197.830(8) (1995), *renumbered as* ORS 197.830(9) (1999): "A notice of intent to appeal plan and land use regulation amendments processed pursuant to ORS 197.610 to 197.625 shall be filed not later than 21 days after the decision sought to be reviewed is mailed to parties entitled to notice under ORS 197.615." We then concluded that

"[t]he crux of petitioners' position is that the time provided by ORS 197.830(8) may be extended pursuant to ORS 197.830(3) if certain locally prescribed procedures are not satisfied. However, ORS 197.610 to ORS 197.625 comprehensively govern the procedures applicable to post-acknowledgment amendments and additions to local land use legislation. The appeal period defined in ORS 197.830(8) is an integral part of those procedures. Under ORS 197.625(1), the new or amended local legislation 'shall be considered acknowledged' if, *inter alia*, 'no notice of intent to appeal is filed within the 21-day period set out in ORS 197.830(8).' Conversely, if an appeal is taken within that time, the amendment or new legislation is not deemed acknowledged until the time that a LUBA or judicial decision affirming it becomes final. ORS 197.625(1), (2).

"Under petitioners' reading, ORS 197.830(3) makes it possible for a local notice provision, which has no analog in state statutes, either to alter the time at which an unappealed amendment is deemed acknowledged under those statutes or to extend the period for appealing such an amendment beyond the time that it has been deemed acknowledged under the statutes.

We begin with a textual analysis of "without providing a hearing." The word "provide" is defined to mean:

"**3 :** to supply what is needed for sustenance or support * * *
**2 a :** to fit out or fit up : EQUIP—used with *with* <*provided*
the children with the books they needed> <~ the car with a
radio> **b :** to supply for use : AFFORD, YIELD <olives . . . ~ an
important item of food —W.B.Fisher> <the preface . . . ~*s* a
hint —L.R.McColvin> * * *."

*Webster's Third New Int'l Dictionary* 1827 (unabridged ed
2002). In that sense, "providing" a hearing means supplying or making the hearing available for use or participation. That definition, however, does not answer the question: To whom must a hearing be made available? Providing a hearing for participation could mean merely conducting a hearing in a way that allows participation by anyone. Alternatively, it could mean supplying the hearing to particular persons in a manner that allows those persons to use the hearing to present evidence or argument. If the latter meaning of "without providing a hearing" was intended, then a hearing would not be provided to persons entitled to notice of the hearing if the notice was not given or was defective. Both constructions of the phrase, however, are plausible and, thus, the textual meaning of the term is not plain.

---

Either of those effects would distort the roles that the post-acknowledgment statutes assign to the appeal process and to the finality of acknowledgments. In the light of their text and context, it is not plausible to interpret ORS 197.830(3) and (8)—as petitioners do—as allowing the fundamental operation of the statutory post-acknowledgment process to be a variable of, or a hostage to, locally adopted procedures.

"We conclude that the appeal period was not tolled. The appeal was untimely under ORS 197.830(8), and LUBA was correct in dismissing it."

135 Or App at 432.

Petitioner in this case contends, and we agree, that our construction of ORS 197.830(3) in *Orenco Neighborhood* was limited to the statute's application to a local government's PAPA decision, that the analysis in that case was based on the operation of ORS 197.625, and that the case did not decide the meaning of ORS 197.830(3) in other settings. We also conclude that the statement of general policy in ORS 197.805 that "time is of the essence in reaching final decisions," adopted by the legislature in 1979 (Or Laws 1979, ch 772, § 1a), has a very limited bearing on the legislature's intent in adopting ORS 197.830(3) in 1989, a statute that allowed a less expeditious process for reaching final land use decisions. Even though we differ from LUBA in the statutory construction analysis of ORS 197.830(3), we reach the same result for the reasons explained herein.

Furthermore, the legislative history of the term does not illuminate its intended meaning.[5] The statute originally composing LUBA merely provided that "[a] notice of intent to appeal a land use decision shall be filed not later than 30 days after the date the decision sought to be reviewed becomes final." Or Laws 1979, ch 772, § 4(4). The time to appeal was changed to 21 days in 1983, and the LUBA appeal provisions were codified in ORS 197.830. Or Laws 1983, ch 827, § 31(7). The legislature amended ORS 197.830 in 1989, together with several other provisions in the land use statutes, through the adoption of House Bill (HB) 2288 (1989). Oregon Laws 1989, chapter 761, section 12, amended ORS 197.830 to add the following provisions:

"(3)   If a local government makes a land use decision without providing a hearing or the local government makes a land use decision which is different from the proposal described in the notice to such a degree that the notice of the proposed action did not reasonably describe the local government's final actions, a person adversely affected by the decision may appeal the decision to the board under this section:

"(a)   Within 21 days of actual notice where notice is required; or

"(b)   Within 21 days of the date a person knew or should have known of the decision where no notice is required.

"(4)(a)   Except as provided in paragraph (b) of this subsection, the appeal period described in subsection 3 of this section shall not exceed three years after the date of the decision.

"(b)   If notice of a hearing or an administrative decision made pursuant to ORS 215.416(11) or ORS 227.175(10) is required but has not been provided, the provisions of paragraph (a) of this subsection do not apply.

---

[5] The parties offer no legislative history to support either view of the statute. *See* ORS 174.020(3) (in construing a statute, "[a] court may limit its consideration of legislative history to the information that the parties provide to the court"). We are not constrained by that omission in our search for the meaning intended by the legislature. *See Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997) ("In construing a statute, this court is responsible for identifying the correct interpretation, whether or not asserted by the parties."); *Gaines*, 346 Or at 166 (a court may, although not compelled to do so, go beyond the legislative history offered by the parties because of "its own resolve to correctly discern legislative intent").

"(5) A local government shall maintain a registry, available to the public, of decisions made in the preceding 12 months described in subsection (3) of this section."

There was little discussion of the meaning of "without providing a hearing" in the legislative history of HB 2288. According to Department of Land Conservation and Development (DLCD) Acting Director Craig Greenleaf, the measure was drafted by an "ad-hoc working group under the guidance of [the Joint Legislative Committee on Land Use] and its chairman, [Representative] Ron Cease." Testimony, House Committee on Environment and Energy, HB 2288, Apr 19, 1989, Ex B (statement of Craig Greenleaf). On behalf of DLCD, Greenleaf proposed modifications to HB 2288, including a change to section 12(3) of the measure, "[i]n order to clarify provisions of the land use appeals system for actions made without hearing, or where notice may have misled potential applicants," as follows (with the originally proposed text in brackets and new proposed text underlined):

"(3) If a local government makes a land use decision [where no right to] without providing a hearing [is provided by the local government] or the local government makes a land use decision which is different from the proposal described in the notice to such a degree that the notice of the proposed action did not reasonably describe the local government's final actions, a person adversely affected by the decision may appeal the decision to the board under this section: [within 21 days of actual or imputed notice, depending upon whether notice is required]."

*Id.* That proposal was accepted by the House Committee, and was incorporated into the text of the measure as adopted. The change in text, for our purposes, reveals little about the meaning of "land use decision without providing a hearing," except that it was different from a "land use decision where no right to a hearing is provided by local government." The change appears to capture decisions made without a hearing, whether a hearing was required by local law or not; it marginally supports an inference that the drafters of the law did not wish the delayed appeal right to be a function of local law.

However, the meaning of the phrase "without providing a hearing" is better inferred from other parts of the bill that added or amended related land use provisions, and from the text of the other amendments to ORS 197.830. As noted, part of section 12 of HB 2288—codified as *former* ORS 197.830(4) (1989), *renumbered as* ORS 197.830(6) (1999)—capped the tolling period for a land use appeal under ORS 197.830(3) at three years unless a "notice of a hearing or an administrative decision made pursuant to ORS 215.416(11) or ORS 227.175(10) is required but has not been provided." At the time of the adoption of HB 2288, ORS 215.416 and ORS 227.175 provided a process for counties and cities to make permit and zoning change decisions through a notice and comment process, with the right to appeal the administrative decision to the planning commission or governing body for an evidentiary hearing and a new decision. Both ORS 215.416(11) (1989) and ORS 227.175(10) (1989) provided that

> "[t]he hearings officer, or such other person as the governing body designates, may approve or deny an application for a permit without a hearing if the hearings officer or other designated person gives notice of the decision and provides an opportunity for appeal of the decision to those persons who would have had a right to notice if a hearing had been scheduled or who are adversely affected or aggrieved by the decision. Notice of the decision shall be given in the same manner as notice of the hearing would have been given if a hearing had been held. An appeal from a hearings officer's decision shall be to the planning commission or governing body of the [county or city]. An appeal from such other person as the governing body designates shall be to a hearings officer, the planning commission or the governing body. In either case, the appeal shall be a de novo hearing."

Both of those statutory sections refer only to a "notice of the decision" as furnishing an opportunity to appeal that decision and obtain an evidentiary hearing on the matter; neither statute references any prehearing notice. Thus, when the text of *former* ORS 197.830(4)(b), as adopted in HB 2288, refers to an uncapped time to appeal "[i]f notice of a hearing or an administrative decision made pursuant to ORS 215.416(11) or ORS 227.175(10) is required but has not been

provided," it refers to both land use decisions where a "notice of a hearing *** is required but has not been provided" and those where a "notice of *** an administrative decision made pursuant to ORS 215.416(11) or ORS 227.175(10) is required but has not been provided." Both of those occasions—where the appeal period extends beyond the three-year cap—are necessarily within the scope of the general allowance of a delayed appeal under ORS 197.830(3) when "a local government makes a land use decision without providing a hearing." There is little reason to extend the appeal period beyond three years when prehearing notice has not been provided under *former* ORS 197.830(4)(b) unless the time to appeal is delayed in the first instance under ORS 197.830(3) because prehearing notice was not given. Thus, the context of the adopted text, "without providing a hearing," strongly suggests that a hearing is not "provid[ed]," ORS 197.830(3), when a required prehearing notice has not been "provided," *former* ORS 197.830(4)(b).

Other parts of HB 2288 further elucidate the answer to the question of when and to whom a "notice of a hearing *** is required" under section 12 of the measure. Prior to the adoption of HB 2288, state statutes did not specify the persons entitled to prehearing notice of a hearing on a land use decision by a local government. *See former* ORS 197.762 (1987), *repealed by* Or Laws 1989, ch 761, § 10 (notice of a governing body hearing on applications for development within an urban growth boundary required to be given to the "applicant" and "[o]ther persons as otherwise provided by law"); ORS 215.416(5) (1987) (hearing on county permit application to be conducted "after notice to the applicant and also notice to other persons as otherwise provided by law"); ORS 227.175(5) (1987) (hearing on city permit or zone change application held "only after notice to the applicant and other interested persons"). However, as a result of the adoption of HB 2288, state law did require prehearing notice for certain land use decisions. Under sections 10 and 10a of the measure, procedures were specified for "the conduct of quasi-judicial land use hearings conducted before a local governing body, planning commission, hearings body or hearings officer on application for a land use decision." Or Laws 1989, ch 761, § 10a. Those procedures included

providing notice of the hearing "to the applicant and to owners of record of property on the most recent tax assessment roll where the property is located [within 100 feet for property located within an urban growth boundary and within 250 feet or 500 feet for property outside of an urban growth boundary, depending upon whether the property is in a farm or forest zone]." *Id.* at § 10a(2). That section of the measure was codified as ORS 197.763.

Given that we discern the meaning of the statutory provision in the context of "other parts of the statute at issue," *Force v. Dept. of Rev.*, 350 Or 179, 188, 252 P3d 306 (2011), the meaning of a "required" notice of a land use hearing under *former* ORS 197.830(4)(b) (as enacted by section 12 of HB 2288) is likely to be the new and specific requirements for prehearing notice of a quasi-judicial land use hearing under ORS 197.763 (as enacted by section 10a of HB 2288).

In sum, as originally adopted in 1989, the tolling effect of ORS 197.830(3) was not capped at three years under *former* ORS 197.830(4)(b) when "notice of a hearing * * * [was] required [by ORS 197.763] but [had] not been provided." That text of *former* ORS 197.830(4) provided the relevant context to determine the meaning of ORS 197.830(3). The particular circumstance identified in *former* ORS 197.830(4)(b)—the failure to provide the prehearing notice required under state law for quasi-judicial land use hearings—together with a failure to conduct a hearing at all was the intended meaning of "without providing a hearing" under ORS 197.830(3).

That same contextual analysis of the meaning of ORS 197.830(3) holds true in the current iteration of the statute, reflecting amendments to ORS 197.830(3) and *former* ORS 197.830(4), the cap on the extent of tolling the time to appeal, and the addition of other sections creating special tolling provisions for certain types of land use decisions. As noted, we infer the meaning of "notice of a hearing" in the original tolling cap statute in section 12 of HB 2288 to be the notice required under section 10a of the measure, the provision enacting ORS 197.763. In the current version of the cap-on-tolling statute, ORS 197.830(6), the reference

to ORS 197.763 and "notice of a hearing" is explicit, thus confirming our understanding of the meaning of "notice of a hearing" in the original statute.

Although amendments to ORS 197.830 do not strictly provide "context" for the legislature's intended meaning of "without providing a hearing" in the original version of the 1989 statute, the subsequent history of the statute is nonetheless material to our analysis. As recognized by the Supreme Court in *Halperin v. Pitts*, 352 Or 482, 490, 287 P3d 1069 (2012),

> "the new subsections adopted in 2009 do not provide 'context' for the legislature's enactment of ORS 20.080(2) some 50-odd years earlier. *See Stull v. Hoke*, 326 Or 72, 79-80, 948 P2d 722 (1997) (later-enacted statutes are not context for what the legislature intended an earlier-adopted statute to mean). But that does not mean that they are irrelevant. In fact, this court not infrequently refers to later-enacted statutes for the purpose of demonstrating consistency (or inconsistency) in word usage over time as indirect evidence of what the enacting legislature most likely intended. *See, e.g., Gaines*, 346 Or at 177 n 16 (later-enacted statutes 'can be of some aid in interpreting an earlier one' for the purpose of, among other things, demonstrating the legislature's consistent word usage or adherence to drafter conventions)[.]"

The first significant modification to ORS 197.830 that confirms the meaning of ORS 197.830(3) that we have inferred from its original text is a change to the cap-on-tolling statute.[6] That statute, *former* ORS 197.830(4), is now ORS 197.830(6), and provides:

---

[6] ORS 197.830(3) to 197.830(6) now provide:

"(3) If a local government makes a land use decision without providing a hearing, except as provided under ORS 215.416(11) or 227.175(10), or the local government makes a land use decision that is different from the proposal described in the notice of hearing to such a degree that the notice of the proposed action did not reasonably describe the local government's final actions, a person adversely affected by the decision may appeal the decision to the board under this section:

"(a) Within 21 days of actual notice where notice is required; or

"(b) Within 21 days of the date a person knew or should have known of the decision where no notice is required.

"(4) If a local government makes a land use decision without a hearing pursuant to ORS 215.416(11) or 227.175(10):

"The appeal periods described in [ORS 197.830(3), ORS 197.830(4), and ORS 197.830(5)]:

"(a)   May not exceed three years after the date of the decision, except as provided in paragraph (b) of this subsection.

"(b)   May not exceed 10 years after the date of the decision if notice of a hearing or an administrative decision made pursuant to ORS 197.195 or ORS 197.763 is required but has not been provided."

The decisional and prehearing notices referenced in ORS 197.830(6) are those that are required by state statutes, ORS 197.195 and ORS 197.763.[7] When such a notice "is required

---

"(a) A person who was not provided notice of the decision as required under ORS 215.416(11)(c) or 227.175(10)(c) may appeal the decision to the board under this section within 21 days of receiving actual notice of the decision.

"(b) A person who is not entitled to notice under ORS 215.416(11)(c) or 227.175(10)(c) but who is adversely affected or aggrieved by the decision may appeal the decision to the board under this section within 21 days after the expiration of the period for filing a local appeal of the decision established by the local government under ORS 215.416(11)(a) or 227.175(10)(a).

"(c) A person who receives notice of a decision made without a hearing under ORS 215.416(11) or 227.175(10) may appeal the decision to the board under this section within 21 days of receiving actual notice of the nature of the decision, if the notice of the decision did not reasonably describe the nature of the decision.

"(d) Except as provided in paragraph (c) of this subsection, a person who receives notice of a decision made without a hearing under ORS 215.416(11) or 227.175(10) may not appeal the decision to the board under this section.

"(5) If a local government makes a limited land use decision which is different from the proposal described in the notice to such a degree that the notice of the proposed action did not reasonably describe the local government's final actions, a person adversely affected by the decision may appeal the decision to the board under this section:

"(a) Within 21 days of actual notice where notice is required; or

"(b) Within 21 days of the date a person knew or should have known of the decision where no notice is required.

"(6) The appeal periods described in subsections (3), (4) and (5) of this section:

"(a) May not exceed three years after the date of the decision, except as provided in paragraph (b) of this subsection.

"(b) May not exceed 10 years after the date of the decision if notice of a hearing or an administrative decision made pursuant to ORS 197.195 or 197.763 is required but has not been provided."

[7] ORS 197.195 sets out procedures to be used by a local government in making a limited land use decision. The statute provides for notice of an application

but has not been provided," the appeal delay allowed by ORS 197.830(3), ORS 197.830(4), or ORS 197.830(5) is capped at 10 years. Thus, the delay that is capped under ORS 197.830(6)(b) is part of the categories of delay set out in "the appeal periods described in subsections (3), (4) and (5)" of ORS 197.830. The delay circumstances described in ORS 197.830(6)—failure to give notice under ORS 197.195 or ORS 197.763—are part of the circumstances that permit tolling under ORS 197.830(3), ORS 197.830(4), or ORS 197.830(5).

A comparison of the particulars of ORS 197.830(6)(b) with the remaining parts of the statute suggests that the reference in ORS 197.830(6)(b) to the notice of hearing and decision under ORS 197.195 pertains to the tolling of the time to appeal limited land use decisions under ORS 197.830(5). Thus, the reference in ORS 197.830(6) to circumstances where "notice of a hearing * * * pursuant to ORS * * * 197.763 is required but has not been provided" can only refer to defective prehearing notice under one or both of the remaining statutory subsections: ORS 197.830(3) or ORS 197.830(4). ORS 197.830(4) regulates decisions made "without a hearing pursuant to ORS 215.416(11) or 227.175(10)," and does not include any reference to a "notice of a hearing." Thus, the reference to when "notice of a hearing * * * is required but has not been provided" in ORS 197.830(6) necessarily refers to ORS 197.830(3) and, therefore, those situations when "a local government makes a land use decision without providing a hearing." As was the case with the original text of ORS 197.830, the relationship of the cap-on-tolling statute, ORS 197.830(6), to ORS 197.830(3) implies that "without providing a hearing" in ORS 197.830(3) only

for a limited land use decision and a 14-day period for the submission of written comments on that application, ORS 197.195(3)(c), with the notice of this "initial hearing," ORS 197.195(5), to be given to "owners of property within 100 feet of the entire contiguous site for which the application is made," ORS 197.195(3)(b). If the initial limited land use decision is appealed, prehearing notice of the appeal hearing must "comply with the requirements of ORS 197.763." ORS 197.195(5). ORS 197.763, as noted earlier, sets out procedures to "govern the conduct of quasi-judicial hearings conducted" before a local government hearing authority "on application for a land use decision." It specifies that notice of the land use hearing be given to property owners within a specified distance "of the property which is the subject of the notice." ORS 197.763(2). The statute does not require notice of the decision to be given to anyone.

includes decisional processes where no hearing is held or where prehearing notice is not provided as required by ORS 197.763.

Finally, the remaining parts of ORS 197.830, as well as other statutes, qualify a petitioner as able to file a notice of intent to appeal to LUBA solely by operation of state law. That context suggests that ORS 197.830(3) also qualifies the circumstances allowing a delayed appeal as those arising under state, and not local, law. ORS 197.830(4) establishes delayed appeal rights when a local government "makes a land use decision without a hearing pursuant to ORS 215.416(11) or 227.175(10)" and qualifies a petitioner for pursuit of a delayed appeal depending upon whether that person was not "provided notice of the decision as required under ORS 215.416(11)(c) or 227.175(10)(c)" or otherwise meets the requirements specified in the statute. Again, the right to a delayed appeal under ORS 197.830(4) is solely a function of whether procedures required by state law were followed or not and whether the specifications of ORS 197.830(4) are otherwise met.

That same dynamic—qualifying LUBA appeal rights as a matter of the operation of state law alone—exists in other statutes. *See* ORS 197.830(5) (delayed appeal of a limited land use decision allowed under circumstances described in the statute); ORS 197.830(9) (appeal of plan and land use regulation amendments controlled exclusively by state law as decided in *Orenco Neighborhood*, 135 Or App at 432); ORS 197.620(2) (appeals of PAPAs to LUBA because of defective prehearing submittals under state law); ORS 215.416(12) and ORS 227.175(11) (appeals of zoning classification decisions "subject to the appeal period described in ORS 197.830(5)(b)"). That context supports reading ORS 197.830(3) similarly, to set LUBA appeal rights solely by the operation of state—as opposed to local—law.

Thus, based upon the text and context of ORS 197.830(3), as originally adopted and as currently codified, we conclude that LUBA did not err in construing the phrase "without providing a hearing" in that statute to mean either that a hearing on the land use decision was not held at all, or that a hearing was held, but was not practically "provid[ed],"

because a petitioner was not given the prehearing notice and resulting opportunity to participate in the hearing that is required by state law.

Affirmed.