No. 620          July 9, 2025          787

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL DANIEL FARNHAM,
aka Michael Farnham, aka Michael Danial Farnham,
*Defendant-Appellant.*

Coos County Circuit Court
24CR00089; A183734

Martin E. Stone, Judge.

Submitted May 15, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Defendant appeals from a judgment revoking his driving privileges for one year following his conviction for felony fleeing or attempting to elude a police officer, ORS 811.540(3)(a). Defendant does not challenge his conviction, only the sentence regarding his driving privileges imposed by the trial court. He argues that the trial court erred because it should have only suspended his privileges for 90 days under ORS 809.411(5), rather than revoking for one year under ORS 809.409(4). Because we conclude that ORS 809.409(4) applies when a defendant is convicted of felony fleeing or attempting to elude a police officer, we affirm.

Defendant pleaded guilty to felony fleeing or attempting to elude a police officer, ORS 811.540(3)(a), and the trial court revoked his driving privileges for one year. Under ORS 811.540(3), the offense can be charged as a Class C felony, if the defendant attempts to elude while still in a vehicle, or a Class A misdemeanor, if the defendant attempts to elude after exiting the vehicle. There are two statutes that potentially provide the corresponding sentence as related to a defendant's driving privileges: ORS 809.411(5) and ORS 809.409(4). Under ORS 809.411(5), upon a "conviction of fleeing or attempting to elude a police officer under ORS 811.540," a defendant's driving privileges will be suspended for 90 days for a first offense. However, under ORS 809.409(4), upon a "conviction of any felony with a material element involving the operation of a motor vehicle," a defendant's driving privileges will be revoked for one year for a first offense. An element of the crime of attempt to elude is "operating a motor vehicle." ORS 811.540(1)(a) (both misdemeanor and felony attempt to elude require that "[t]he person is operating a motor vehicle"). Therefore, it appears, by their text, that both ORS 811.411(5) and ORS 809.409(4) could apply to felony attempt to elude. We apply the rules of statutory construction to determine the legislature's intent.

The parties dispute the appropriate sentence regarding a defendant's driving privileges upon a conviction for felony attempt to elude. Defendant argues that ORS 809.411(5) applies because it conflicts and cannot be reconciled with ORS 809.409(4) and, under our canons of statutory

construction, ORS 809.411(5) is more specific and therefore controls. The state responds that the statutes can be read consistently, and effect can be given to all of their provisions, because ORS 809.409(4) can apply to felony attempt to elude while ORS 809.411(5) can apply to misdemeanor attempt to elude. Alternatively, according to the state, if we find that the statutes are irreconcilable, ORS 809.409(4) is more specific.

To begin, we address the threshold issue of mootness. It has been a year since defendant's license was revoked and this case is, therefore, moot: Cases "in which a court's decision no longer will have a practical effect on or concerning the rights of the parties will be dismissed as moot." *Eastern Oregon Mining Association v. DEQ*, 360 Or 10, 15, 376 P3d 288 (2016) (brackets and internal quotation marks omitted). However, under ORS 14.175, this court can decide a moot challenge to an act of a public body or official if "(1) the party that commenced the action had standing to commence it, (2) the challenged act * * * is capable of repetition, and (3) the challenged act is likely to evade judicial review in the future." *Harisay v. Atkins*, 295 Or App 493, 496, 434 P3d 442 (2018), *aff'd sub nom Harisay v. Clarno*, 367 Or 116, 474 P3d 378 (2020) (paraphrasing ORS 14.175). It is a matter of this court's discretion whether to review a moot issue, even when all ORS 14.175 elements are met. *Id.*

The issue presented in this case is capable of repetition yet evading review. As the parties note, there have been multiple cases in this court raising the same challenge. Due to the timelines involved in the appellate process and the length of the license sanctions involved, the cases have before and will likely continue to evade our review unless we exercise our discretion under ORS 14.175 to resolve the dispute and determine which sentence applies to violations of ORS 811.540(3)(a). Both parties ask us to decide this moot question. In the interests of judicial efficiency, and because of the importance of driving privileges in Oregonian's lives, we will do so. *See* Vote Explanation, HB 4210, June 25, 2020 (statement of Rep Tiffiny Mitchell) ("When a person loses their license, they increase their likelihood of actually *losing* their job or hav[ing] trouble in finding work because they

ultimately often lose access to their transportation \*\*\*. The needs of an individual or family doesn't stop when a license is suspended though—for example, doctor's appointments, taking children to school, or visiting a food bank." (Emphasis in original.)); *State v. Cowie*, 80 Or App 111, 113, 720 P2d 1323 (1986) ("[A] driver's license is a protected property interest.").

This case presents a question of statutory construction: Did the legislature intend ORS 809.409(4) or ORS 809.411(5) to apply to a conviction for felony attempt to elude under ORS 811.540(3)(a)? Questions of statutory construction are "questions of law that we review for legal error." *State ex rel Rosenblum v. Living Essentials, LLC*, 371 Or 23, 33, 529 P3d 939 (2023). Our goal is to determine the legislature's intent. ORS 174.020; *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). To do so, we begin by considering the text and context of the statutes at issue. *Gaines*, 346 Or at 171-72. A statute's context "includes other provisions of the same or related statutes, [and] the pre-existing statutory framework within which the statute was enacted." *Ogle v. Nooth*, 355 Or 570, 584, 330 P3d 572 (2014). In addition to text and context, we consider the legislative history of the statute and accord it the weight that we consider appropriate. ORS 174.020(3); *Gaines*, 346 Or at 171-72. "[T]his court is responsible for identifying the correct interpretation, whether or not asserted by the parties." *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997).

Whenever possible, we construe statutes to be consistent with one another. ORS 174.010 ("[W]here there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."); *see also Force v. Dept. of Rev.*, 350 Or 179, 190, 252 P3d 306 (2011) ("Statutory provisions, however, must be construed, if possible, in a manner that 'will give effect to all' of them."); *Powers v. Quigley*, 345 Or 432, 438, 198 P3d 919 (2008) ("[W]hen multiple statutory provisions are at issue in a case, this court, if possible, must construe those statutes in a manner that will give effect to all of them." (Internal quotation marks omitted.)); *State v. Guzek*, 322 Or 245, 268, 906 P2d 272 (1995) ("[W]hen one statute deals with a subject

in general terms and another deals with the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, while giving effect to a consistent legislative policy."). In other words, the "correct analytical route for this court is to avoid the statutory interpretation that would produce irreconcilable conflict." *Carlson v. Myers*, 327 Or 213, 226, 959 P2d 31 (1998).

Here, contrary to defendant's argument, any conflict in the statutes is not irreconcilable, and they can be read together so as to give effect to both. ORS 809.409(4) and ORS 809.411(5) relate to the same subject because attempting to elude has, as an element, the operation of a motor vehicle, making it subject to ORS 809.409(4) if it is committed as a felony, while convictions for attempt to elude also fall under the text of ORS 809.411(5). However, because attempt to elude can be charged as either a felony or a misdemeanor, and ORS 809.409(4) applies only to felonies, we can still give effect to ORS 809.411(5) because it continues to apply to misdemeanor attempt to elude. Further, were we to apply both statutes to felony attempt to elude, defendant would still be sanctioned with a one-year license revocation, because all license sanctions run concurrently. *See* ORS 809.360(2) ("A suspension or revocation of driving privileges ordered by a court shall run concurrently with any mandatory suspension or revocation ordered by the Department of Transportation and arising out of the same conviction.").

Our construction is also consistent with both general legislative policy and the statute's legislative history. There is a legislative policy of punishing felony crimes more severely than misdemeanors. *Compare* ORS 161.605 (providing maximum indeterminate sentences for felonies between 5 and 20 years) and ORS 161.625 (maximum fines for felony convictions between $125,000 and $500,000) *with* ORS 161.615 (setting maximum term of imprisonment for misdemeanors between 30 and 364 days) and ORS 161.635 (maximum fine for misdemeanor between $1,250 and $6,250). Reading the statutes as we do is consistent with that legislative policy, with felony attempt to elude carrying a one-year driving privileges revocation and misdemeanor attempt to elude carrying a 90-day driving privileges suspension.

The legislative history similarly shows that the legislature intended to punish felony attempt to elude more severely than misdemeanor. Tape Recording, House Committee on Judiciary, HB 2983, Mar 27, 1997, Tape 17, side A (statement of Rep Floyd Prozanski) (due to the increased risk of harm to the community and law enforcement officers, an individual who attempts to flee in a vehicle "should be held to a higher standard of criminal sanction than an individual *** [who flees] on foot," and by passing the bill, fleeing in a vehicle would lead to charges for "a higher sanction crime"). The legislature split the offense into two categories, a felony and a misdemeanor, because it recognized the increased danger of fleeing in a vehicle as opposed to on foot. Vehicle chases are a risk to the public in a way that fleeing on foot is not. By splitting the offense, the legislature was able to put into effect its policy of punishing more dangerous actions more severely. Had it intended for the punishment to remain the same between both methods of committing attempt to elude, it would not have needed to split the methods of committing the offense and could have made the offense a felony rather than a misdemeanor, or it could have left the offense as a misdemeanor but amended ORS 809.411(5) to impose a harsher punishment. It did neither of those things and instead distinguished between two methods of committing the offense that, as explained by the legislature, carry different levels of risk to the public. Although ORS 809.411(5) does not specify that it relates only to misdemeanor attempt to elude, ORS 809.409(4) applies only to felonies, and the statutes therefore are not irreconcilable as argued by defendant.

Affirmed.