No. 52     December 11, 2025     593

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Respondent on Review,*

*v.*

MICHAEL DANIEL FARNHAM,
aka Michael Farnham, aka Michael Danial Farnham,
*Petitioner on Review.*

(CC 24CR00089) (CA A183734) (SC S072193)

En Banc

On petition for review filed August 12, 2025;* considered and under advisement on October 7, 2025.

Meredith Allen, Deputy Public Defender, Oregon Public Defense Commission, Salem, filed the petition for petitioner on review. Also on the petition was Ernest G. Lannet, Chief Defender, Criminal Appellate Section.

No appearance *contra*.

PER CURIAM

The petition for review is denied.

DeHoog, J., concurred and filed an opinion.

_____
* Appeal from Coos County Circuit Court, Martin E. Stone, Judge. 341 Or App 787, 575 P3d 196 (2025).

**PER CURIAM**

The petition for review is denied.

**DeHOOG, J.,** concurring.

The court has denied defendant's petition for review, and I concur in that denial, though I express no opinion regarding the overall correctness of the Court of Appeals' decision. I write solely to address one aspect of the Court of Appeals' rationale for its decision, which directly contradicts this court's case law. Specifically, in concluding that ORS 809.411(5) (providing for a 90-day driver's license suspension for a first conviction) applies only to misdemeanor convictions for fleeing or attempting to elude, whereas ORS 809.409(4) (providing for a one-year driver's license revocation) applies to felony convictions for that offense, the Court of Appeals stated its understanding that the legislature intended to punish the latter more severely by imposing a lengthier denial of driving privileges:

> "By splitting the offense, the legislature was able to put into effect its policy of punishing more dangerous actions more severely. Had it intended for the punishment to remain the same between both methods of committing attempt to elude, it would not have needed to split the methods of committing the offense and could have made the offense a felony rather than a misdemeanor, or it could have left the offense as a misdemeanor but amended ORS 809.411(5) to impose a harsher punishment. It did neither of those things and instead distinguished between two methods of committing the offense that, as explained by the legislature, carry different levels of risk to the public. Although ORS 809.411(5) does not specify that it relates only to misdemeanor attempt to elude, ORS 809.409(4) applies only to felonies, and the statutes therefore are not irreconcilable as argued by defendant."

*State v. Farnham*, 341 Or App 787, 792, 575 P3d 196 (2025).

I do not dispute the Court of Appeals' underlying conclusion that the legislature intended to differentially *sentence* individuals convicted of the felony offense rather than the misdemeanor offense. *See id*. ("The legislative history similarly shows that the legislature intended to punish felony attempt to elude more severely than misdemeanor.").

Where I part ways with that court is when it relies on that point to support its conclusion that the legislature would have intended a more severe license-related consequence for those convicted of felonies rather than misdemeanors, as that, too, would further the legislative goal of punishing felony conduct more severely. That reasoning directly conflicts with this court's opinion in *State v. Hamann*, 363 Or 264, 266, 422 P3d 193 (2018), where the court expressly concluded that a limitation on one's driving privileges, such as a suspension or revocation, is *not* a punishment. Rather, the court concluded, it is a "civil disability." *Id.* at 268-71 (discussing the important distinction between a punishment and a civil disability in the context of the Double Jeopardy and Ex Post Facto clauses, in addition to the Sixth Amendment right to counsel).

In noting that holding from *Hamann*, I do not intend to express any view regarding the merits of that decision. I only point out the Court of Appeals' inconsistency with that decision in the hopes of averting future challenges based on the notion that this court's denial of review in this case reflects an implicit retreat from its holding in *Hamann*.

I respectfully concur in the denial of the petition for review.